**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 CV 02055 |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE CAB COMPANY, INC., and ROSE WASHINGTON SANDERS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Defendant, ROSE WASHINGTON SANDERS, by and through her attorneys POWER ROGERS & SMITH, P.C., and in Answer to Plaintiff CINCINNATI INSURANCE COMPANY'S Complaint for Declaratory Judgment, states as follows:

1. Defendant, ROSE WASHINGTON SANDERS, admits that this is the position of CINCINNATI INSURANCE COMPANY, but further states this position is against public policy of the State of Illinois.

2. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 2 of the Complaint.

3. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 3 of the Complaint.

4. Defendant, ROSE WASHINGTON SANDERS, admits that at all relevant times she was a citizen of Illinois residing in Oak Park, Cook County, Illinois. Defendant, ROSE WASHINGTON SANDERS, is without personal

knowledge as to the remaining allegations contained in paragraph 4.

5. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 5 of the Complaint. She further states that McFADDEN is a necessary party to this action and the purported stipulation is a legal concession that McFADDEN lacks capacity to stipulate to that he is not owed any coverage under the Cincinnati policy. Further, at the time the stipulation was signed by McFADDEN, he was represented by the same lawyer who represented Blue Cab Company, Inc. in the underlying action. The Stipulation was against Mr. McFadden's economic interest.

6. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 6 of the Complaint.

7. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 7 of the Complaint.

8. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 8 of the Complaint. She further answers that she has filed her First Amended Complaint at Law.

9. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 9 of the Complaint.

10. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 10 of the Complaint.

11. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 11 of the Complaint.

12. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 12 of the Complaint.

13. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 13 of the Complaint. She further answers that Blue Cab's Motion for Summary Judgment on the issue of agency was denied in the underlying action.

14. Defendant, ROSE WASHINGTON SANDERS, admits that attached as Exhibit D is a true and correct copy of the Illinois Traffic Crash Report, but further states she is without personal knowledge as to the remaining allegations contained within paragraph 14.

15. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 15 of the Complaint.

16. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 16 of the Complaint. In addition, the document speaks for itself.

17. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 17 of the Complaint. In addition, the document speaks for itself and, further, the document does not state what is alleged in paragraph 17.

18. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 18 of the Complaint. In addition, the document speaks for itself.

19. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 19 of the Complaint. In addition, the document speaks for itself.

20. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 20 of the Complaint. In addition, the document speaks for itself.

21. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 21 of the Complaint. In addition, the document speaks for itself.

22. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 22 of the Complaint.

23. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 23 of the Complaint. In addition, the document speaks for itself.

24. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 24 of the Complaint. In addition, the document speaks for itself.

25. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 25 of the Complaint. In addition, the document speaks for itself.

26. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 26 of the Complaint.

27. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 27 of the Complaint.

28. Defendant, ROSE WASHINGTON SANDERS, denies each and every allegation contained in paragraph 28 of the Complaint.

## **COUNT I**

29. Defendant, ROSE WASHINGTON SANDERS, adopts and restates her answers to paragraphs 1-28 of the Complaint as her answers to paragraphs 1-28 of Count I of the Complaint.

30. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 30 of the Complaint. In addition, the document speaks for itself.

31. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 31 of the Complaint. In addition, the document speaks for itself.

32. Defendant, ROSE WASHINGTON SANDERS, admits that the accident arose from McFadden's use of the vehicle as a taxi cab, but is without personal knowledge as to the remaining claims in paragraph 32.

33. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 33 of the Complaint. In addition, the document speaks for itself.

34. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 34 of the

Complaint.

35. Defendant, ROSE WASHINGTON SANDERS, admits that paragraph 35 is the position of CINCINNATI INSURANCE COMPANY, but further states this position is against public policy of the State of Illinois.

WHEREFORE Defendant ROSE WASHINGTON SANDERS prays that Plaintiff's prayer for relief be denied as it is against public policy of the State of Illinois.

## **COUNT II**

29. Defendant, ROSE WASHINGTON SANDERS, adopts and restates her answers to paragraphs 1-35 of Count I of the Complaint as her answers to paragraphs 1-35 of Count II of the Complaint.

37. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 37 of the Complaint. In addition, the document speaks for itself.

38. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 38 of the Complaint. In addition, the document speaks for itself.

39. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained within paragraph 39 of the Complaint.

40. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained within paragraph 40 of the Complaint.

41. Defendant, ROSE WASHINGTON SANDERS, denies the allegations in paragraph 41 and further states this position is against public policy of the

State of Illinois.

WHEREFORE Defendant ROSE WASHINGTON SANDERS prays that Plaintiff's prayer for relief be denied as it is against public policy of the State of Illinois.

Respectfully submitted,

/s/ LARRY R. ROGERS

Larry R. Rogers, Sr.   (#6186149)
Carolyn Daley Scott
POWER ROGERS & SMITH, P.C.
70 W. Madison, 55th Floor
Chicago, IL 60602
312-236-9381 - phone
312-236-0920 - fax