IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-cv-02055 |
| | ) | Hon. Joan H. Lefkow |
| BLUE CAB COMPANY, INC. and | ) | |
| ROSE M. WASHINGTON-SANDERS, | ) | |
| | ) | |
| Defendants. | ) | |

**CINCINNATI INSURANCE COMPANY'S R.56 STATEMENT OF UNCONTESTED
MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**A.      Identification of the Parties**

1.      The plaintiff in the underlying liability case is Rose Washington-Sanders ("Sanders"), who lives in Oak Park, Illinois. *Exhibit 1, Sanders' Answer to Cincinnati's Amended Complaint at ¶ 4.*

2.      Blue Cab Company, Inc. ("Blue Cab") ran a taxi dispatch service. Blue Cab is a defendant in the underlying case and a named insured on the insurance policy that is at issue in this case. *Exhibit 2, Deposition of James Bennett at 42:18-20; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶ 16.*

3.      Cincinnati Insurance Company ("Cincinnati") issued the insurance policy to Blue Cab that is at issue in this insurance coverage dispute. *Exhibit 4, Affidavit of Chris Monahan at ¶ 4 and Exhibit A thereto.*

B.     **Sanders Accident and Lawsuit**

4.     On September 23, 2007, Sanders called Blue Cab to request a taxi to drive her from Midway Airport to her home in Oak Park. *Exhibit 2, Deposition of James Bennett at 70:18 – 73:3; Exhibit 5, Deposition of Rose Washington-Sanders at 33:8-20; 34:14-18.*

5.     A Blue Cab dispatch employee put Sanders' taxi request into Blue Cab's computer system. *Exhibit 2, Deposition of James Bennett* at 70:18 – 71:21.

6.     Thomas McFadden ("McFadden"), a taxi driver, received the information about Sanders from Blue Cab's computer and accepted the dispatch. *Exhibit 2, Deposition of James Bennett at 43:7-45:18, 70:18-73:5.*

7.     While driving Sanders in the taxi, McFadden lost consciousness and lost control of the taxi, then struck a light pole at the intersection of Roosevelt Road and Wesley Avenue in Oak Park, Illinois (the "Accident"). *Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶¶ 8, 46; Exhibit 5, Deposition of Rose Washington-Sanders at 40:4-24, 41:1-15; Exhibit 7, Sanders Second Amended Complaint at ¶¶ 3, 20, 22-23.*

8.     Sanders sued Blue Cab and McFadden to recover for the injuries she sustained in the Accident. *Exhibit 7, Sanders Second Amended Complaint.*

9.     The Sanders Lawsuit alleges that both McFadden and Blue Cab owned the taxi involved in the Accident; that McFadden was acting as an agent or employee of Blue Cab at the time of the Accident; and that Blue Cab maintained and controlled the taxi at the time of the Accident. *Exhibit 7, Sanders Second Amended Complaint at ¶ 4, 6, 8.*

2

10.    Count III of the Sanders Lawsuit alleges that Blue Cab is vicariously liable for McFadden's alleged negligence, on the theory that McFadden was an employee or agent of Blue Cab. *Exhibit 7, Sanders Second Amended Complaint at Count III, pp. 11-15.*

11.    Counts II and IV of the Sanders Lawsuit allege that Blue Cab was negligent in (a) "approving" McFadden as a driver entitled to receive taxi dispatches from Blue Cab "despite his medical history" and/or (b) sending taxi dispatches to McFadden without first obtaining information about his "medical history." *Exhibit 7, Sanders Second Amended Complaint at Count II, ¶ 25 and Count IV, ¶ 25.*

C.    **Relationship Between Blue Cab and McFadden**

12.    The taxi involved in the Accident was a 2000 Crown Victoria with Illinois license plate number of 21552TX and a vehicle identification number of 2FAFP71W6YX166916 (the "Taxi"). *Exhibit 6, Deposition of Thomas McFadden at Deposition Exhibit 1; Exhibit 7, Sanders Second Amended Complaint at ¶ 4.*

13.    On the date of the Accident, McFadden was the sole owner of the Taxi. *Exhibit 2, Deposition of James Bennett at 19:19-20:6 and Deposition Exhibit 1 at pp. 1, 6; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶¶ 49, 50; Exhibit 6, Deposition of Thomas McFadden at 33:1-4, 33:16-22 and Deposition Exhibit 3 at p. 6.*

14.    Blue Cab and McFadden entered into an Owner-Operator agreement in March of 2006 ("the Owner-Operator agreement"), which remained in effect on the date of the Accident. *Exhibit 2, Deposition of James Bennett at 32:20-24, 33:1-20 and Deposition Exhibit 1; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint*

at ¶¶ 17-18; *Exhibit 6, Deposition of Thomas McFadden at 94:9-95:8 and Deposition Exhibit 3.*

15.    Under the Owner-Operator agreement, McFadden paid a fee to Blue Cab to receive radio transmissions about potential taxi customers ("dispatches"). *Exhibit 2, Deposition of James Bennett at 32:7-33:17, 42:23-43:13, 45:11-18, 75:16-76:13, 80:22-81:7 and Deposition Exhibit 1; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶¶ 16, 17, 19.*

**D.    Auto liability insurance for Taxi, McFadden and Blue Cab**

16.    Under the Owner-Operator agreement, McFadden agreed to maintain auto liability insurance for the Taxi with limits of at least $250,000, naming Blue Cab as an insured. *Exhibit 2, Deposition of James Bennett at 32:20-33:20, 59:8-18 and Deposition Exhibit 1; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶ 22; Exhibit 6, Deposition of Thomas McFadden at 94:9-95:8 and Deposition Exhibit 3.*

17.    First Chicago Insurance Company ("First Chicago") issued a Business Auto liability policy, no. LVA 000020780, to McFadden (the "First Chicago policy") with liability limits of $250,000 per person. *Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶¶ 23, 24.*

18.    The Schedule of Additional Insureds of the First Chicago Policy reflects Blue Cab as an additional insured with respect to a 2000 Ford Crown Victoria, vehicle number 2FAFP71W6YX166916, [license plate] 21552TX. *Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶¶ 26, 27.*

19. Blue Cab told Cincinnati, and Cincinnati understood, that Blue Cab had selected First Chicago as the insurer to provide its defense in the Sanders Lawsuit. *Exhibit 8, Affidavit of Hope G. Nightingale at ¶¶ 3-7.*

20. First Chicago has been providing a defense to Blue Cab in the Sanders Lawsuit. *Exhibit 1, Sanders' Answer to Cincinnati's Amended Complaint at ¶ 28; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶ 28.*

21. First Chicago tendered to Sanders its entire policy limits of $250,000 on behalf of McFadden and Blue Cab, but Sanders rejected this offer as insufficient. *Exhibit 1, Sanders' Answer to Cincinnati's Amended Complaint at ¶ 36; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶ 36.*

**E.    Policy Issued by Cincinnati to Blue Cab**

22. Cincinnati issued a policy to Blue Cab containing Commercial General Liability coverage under policy no. CAP 582 71 81 (the "CGL Coverage Part") and Garage coverage under policy no. CAA 582 71 81 (the "Garage Coverage Part") (collectively, the "Policy"). No other coverage part potentially applies to this dispute. *Exhibit 4, Affidavit of Chris Monahan at ¶ 4 and Exhibit A.*

23. In addition to Blue Cab, the Policy names several other companies as insureds, including M&C Motors, Inc. ("M&C Motors") and Northwest Package Delivery. *Exhibit 4, Affidavit of Chris Monahan at ¶ 11 and Exhibit A at CIN000001 and CIN000005.*

24. In September of 2007, M&C Motors ran an auto repair shop/garage business that was open to the public for auto service and repair. *Exhibit 2, Deposition of James Bennett at 53:1-10, 82:16-19.*

25. The Garage Coverage Part contains the following coverage grant describing the liability insurance coverage provided by that portion of the Policy:

> *We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" . . . .*
>
> *We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a suit seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .*

**Exhibit 4,** *Affidavit of Chris Monahan, Exhibit A at CIN000043.*

26. The Policy defines "garage operations" as follows:

> *"Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in SECTION I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.*

**Exhibit 4,** *Affidavit of Chris Monahan, Exhibit A at CIN000057.*

27. The Policy contains the Garage Coverage part because of the garage business of M&C Motors. **Exhibit 4,** *Affidavit of Chris Monahan at ¶¶ 15, 27-30.*

28. The premium charged by Cincinnati for the Garage coverage part was based on information relating to M&C Motors, and not on any information relating to the business of Blue Cab. **Exhibit 4,** *Affidavit of Chris Monahan at ¶¶ 16, 17, Exhibit A at CIN000067 and Exhibit B at CIC UW 141.*

29. For liability coverage under the Garage Coverage Part of the Policy in effect at the time of the Accident, the phrase "Covered autos" is limited to autos that fall

within category "22." *Exhibit 4, Affidavit of Chris Monahan at ¶ 20, Exhibit A at CIN000040.*

30.   Category "22" in the Garage Coverage Part means

*22 = OWNED "AUTOS" ONLY.  Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own).  This includes those "autos" you acquire ownership of after the policy begins.*

*Exhibit 4, Affidavit of Chris Monahan at ¶ 20, Exhibit A at CIN000042.*

31.   The words "you" and "your" in the Policy refer to the Named Insured(s) shown in the Declarations, including the Named Insured Schedule.  *Exhibit 4, Affidavit of Chris Monahan at ¶ 18 and Exhibit A at CIN000010 and CIN000042.*

32.   McFadden is not listed on the Policy Declarations or the Named Insured Schedule as a named insured.  *Exhibit 4, Affidavit of Chris Monahan, Exhibit A at CIN000001, CIN000005 and CIN000036.*

33.   The Accident took place in Oak Park, Illinois, approximately one mile from the location of the M&C Motors garage in Forest Park, Illinois.  *Exhibit 8, Affidavit of Hope G. Nightingale at ¶ 8 and Exhibit D.*

34.   The CGL Coverage Part contains the following exclusion:

*[This insurance does not apply to:]*

*g.    Aircraft, Auto or Watercraft*

   *"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".*

   *This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others*

*of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.*

**Exhibit 4,** *Affidavit of Chris Monahan, Exhibit A at CIN000013.*

35.     Cincinnati was not asked to, and did not intend to, provide coverage for any auto-related incidents arising out of Blue Cab's business.  **Exhibit 4,** *Affidavit of Chris Monahan at ¶¶ 19, 21, 22 and Exhibit B at CIN UW 73, CIC UW 59-61 and CIC UW 177.*

**F.     Blue Cab and M&C Motors Are Separate Businesses**

36.     Blue Cab and M&C Motors are separate corporations.  **Exhibit 2,** *Deposition of James Bennett at 93:12-94:16;* **Exhibit 9,** *Blue Cab's Responses to Cincinnati's First Set of Request for Admissions No. 8.  .*

37.     Blue Cab and M&C Motors have both been in business for a "long time." **Exhibit 2,** *Deposition of James Bennett at 85:24-86:13.*

38.     Blue Cab was not involved in the maintenance, repair or towing of taxis. **Exhibit 2,** *Deposition of James Bennett at 52:19-21, 76:14-19.*

39.     Blue Cab owned and maintained the mobile data terminals, including the two-way radios, which it installed in taxis to allow owner-operators to receive dispatches from Blue Cab's dispatch computer software.  **Exhibit 2,** *Deposition of James Bennett at 43:7-45:18, 46:7-48:24, 61:9-16;* **Exhibit 6,** *Deposition of Thomas McFadden at 99:11-14.*

40.     In September of 2007, Blue Cab had six dispatchers who all were full-time employees of Blue Cab.  **Exhibit 2,** *Deposition of James Bennett at 18:5-13.*

41.     The Blue Cab Owner-Operators did not provide any services to M&C Motors; they dealt only with Blue Cab.  **Exhibit 2,** *Deposition of James Bennett at*

*93:23-94:11.*

42.    An Owner-Operator of a Blue Cab taxi was not required to get his car serviced by M&C Motors. *Exhibit 2, Deposition of James Bennett at 82:16-83:1.*

43.    M&C Motors did not need Blue Cab's taxi dispatch services to operate the business of M&C Motors. *Exhibit 9, Blue Cab's Responses to Cincinnati's First Set of Request for Admissions No. 17.*

44.    Blue Cab and M&C Motors are both owned by Jerilyn Ugaste, who also serves as the President and CEO of each company.  *Exhibit 2, Deposition of James Bennett at 86:24-87:18.*

45.    James Bennett is the Manager of Operations and Secretary for Blue Cab and for M&C Motors. *Exhibit 2, Deposition of James Bennett at 85:24-86:23.*

46.    Other than Jerilyn Ugaste and James Bennett, the only employees who were employed by both Blue Cab and M&C Motors as of September 23, 2007 were two people from accounting. *Exhibit 2, Deposition of James Bennett at 87:23-90:22.*

G.    **Facts Supporting Jurisdiction and Venue**

47.    This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 in that it arises between citizens of different states and the amount in controversy, including the combined cost of defense and indemnity in the underlying case, exceeds the sum or value of $75,000.00 exclusive of interest and costs. *Exhibit 1, Sanders' Answer to Cincinnati's Amended Complaint at ¶ 6; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶ 6.*

48.     Cincinnati is an Ohio corporation engaged in the business of selling insurance, including in Illinois, with its principal place of business in Ohio. *Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶ 2.*

49.     Blue Cab is an Illinois corporation with its principal place of business in Forest Park, Illinois. *Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶ 3.*

50.     Sanders is a citizen of Illinois, residing in Oak Park, Illinois. *Exhibit 1, Sanders' Answer to Cincinnati's Amended Complaint at ¶ 4.*

51.     Sanders' medical expenses from the Accident exceed $450,000. *Sanders Answers to Interrogatories Propounded by Defendants, attached as Exhibit 10, at No. 5 and Specials Summary.*

52.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District. *Exhibit 1, Sanders' Answer to Cincinnati's Amended Complaint at ¶ 7; Exhibit 3, Blue Cab's Answer to Cincinnati's Amended Complaint at ¶ 7.*

DATED:      May 25, 2012

Respectfully submitted on behalf of
Cincinnati Insurance Company,

/S/ Hope G. Nightingale
By One of Its Attorneys

Hope G. Nightingale (ARDC # 6184864)
Kathleen L. Bianco (ARDC # 6283357)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
(312) 781-6614 (Nightingale)
(312) 781-6621 (Bianco)
(312) 781-6630 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2012, I served the foregoing **CINCINNATI INSURANCE COMPANY'S R. 56 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** on the following:

Larry R. Rogers
Carolyn S. Daley
Powers, Rogers & Smith
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
Email: lrogers@prslaw.com
Email: cdaley@prslaw.com

Stephen Sloan Weiss
Tribler Orpett and Meyer, P.C.
225 West Washington Street
Suite 1300
Chicago, IL 60606
(312) 201-6400
Email: ssweiss@tribler.com

by email and by placing a true and correct copy of same in the U. S. Mail at 303 W. Madison Street, Chicago, IL 60606.

Cincinnati Insurance Company

By:____/s/ Hope G. Nightingale_____

Hope G. Nightingale (ARDC # 6229150)
Kathleen Bianco (ARDC # 6283357)
Litchfield Cavo LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
312/781-6614 (Nightingale)
312/781-6621 (Bianco)
312-781-6630 (fax)