## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | No. 11 CV 02055 |
| ) | |
| v. ) | |
| ) | |
| BLUE CAB COMPANY, INC., and ROSE ) | |
| WASHINGTON SANDERS, ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Defendant, ROSE WASHINGTON SANDERS, by and through her attorneys POWER ROGERS & SMITH, P.C., and in Answer to Plaintiff CINCINNATI INSURANCE COMPANY'S Amended Complaint for Declaratory Judgment, states as follows:

1. Defendant, ROSE WASHINGTON SANDERS, admits that this is the position of CINCINNATI INSURANCE COMPANY, but further states this position is against public policy of the State of Illinois.

2. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 3 of the Amended Complaint.

4. Defendant, ROSE WASHINGTON SANDERS, admits that at all relevant times she was a citizen of Illinois residing in Oak Park, Cook County,



Illinois. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the remaining allegations contained in paragraph 4.

5. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 5 of the Amended Complaint. She further states that McFadden is a necessary party to this action and the purported stipulation is a legal concession that McFadden lacks capacity to stipulate to that he is not owed any coverage under the Cincinnati policy. Further, at the time the stipulation was signed by McFadden, he was represented by the same lawyer who represented Blue Cab Company, Inc. in the underlying action. The Stipulation was against Mr. McFadden's economic interest.

6. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 6 of the Amended Complaint.

7. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 7 of the Amended Complaint.

8. Defendant, ROSE WASHINGTON SANDERS, admits that she was a passenger in a taxi cab operated by McFadden, but denies that McFadden suffered a medical incident while driving causing him to lose control of the taxicab.

9. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 9 of the Amended Complaint. She further answers that she has filed a Motion for Leave to File A Second Amended Complaint at Law adding a count for negligent dispatching

against Blue Cab. A copy of said Motion is attached hereto as Exhibit A.

10. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 10 of the Amended Complaint.

11. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 11 of the Amended Complaint.

12. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 12 of the Amended Complaint.

13. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 13 of the Amended Complaint. She further answers that Blue Cab's Motion for Summary Judgment on the issue of agency was denied in the underlying action.

14. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 14 of the Amended Complaint.

15. Defendant, ROSE WASHINGTON SANDERS, admits that attached as Exhibit D is a true and correct copy of the Illinois Traffic Crash Report, but further states she is without personal knowledge as to the remaining allegations contained within paragraph 15.

16. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 17 of the Amended Complaint. In addition, the document speaks for itself.

18. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 18 of the Amended Complaint. In addition, the document speaks for itself.

19. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 19 of the Amended Complaint. In addition, the document speaks for itself.

20. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 20 of the Amended Complaint. In addition, the document speaks for itself and, further, the document does not state what is alleged in paragraph 20.

21. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 21 of the Amended Complaint. In addition, the document speaks for itself.

22. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 22 of the Amended Complaint. In addition, the document speaks for itself.

23. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 23 of the Amended Complaint. In addition, the document speaks for itself.

24. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 24 of the Amended Complaint. In addition, the document speaks for itself.

25. Defendant, ROSE WASHINGTON SANDERS, is without personal

knowledge as to the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 26 of the Amended Complaint. In addition, the document speaks for itself.

27. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 27 of the Amended Complaint. In addition, the document speaks for itself.

28. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained within paragraph 28.

29. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained within paragraph 29.

30. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 30 of the Amended Complaint. In addition, the document speaks for itself.

31. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to whether the Cincinnati Policy was in effect on the date of the accident and denies that the Cincinnati Policy does not provide coverage for the Sanders Accident. In addition, the document speaks for itself.

32. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 32 of the Amended Complaint. In addition, the document speaks for itself.

33. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 33 of the Amended Complaint. In addition, the document speaks for itself.

34. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 34 of the Amended Complaint. In addition, the document speaks for itself.

35. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 35 of the Amended Complaint. In addition, the document speaks for itself.

36. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 36 of the Amended Complaint.

37. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 37 of the Amended Complaint.

38. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 38 of the Amended Complaint.

39. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 39 of the Amended Complaint.

40. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained in paragraph 40 of the Amended Complaint.

41. Defendant, ROSE WASHINGTON SANDERS, admits that she did not respond to Cincinnati's letter as it is her position and always has been that Cincinnati's policy covered this accident.

42. Defendant, ROSE WASHINGTON SANDERS, admits each and every

allegation contained in paragraph 42 of the Amended Complaint.

## COUNT I

43. Defendant, ROSE WASHINGTON SANDERS, adopts and restates her answers to paragraphs 1-42 of the Amended Complaint as her answers to paragraphs 1-28 of Count I of the Amended Complaint.

44. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 44 of the Amended Complaint. In addition, the document speaks for itself.

45. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 45 of the Amended Complaint. In addition, the document speaks for itself.

46. Defendant, ROSE WASHINGTON SANDERS, denies each and every allegation contained within paragraph 46 of the Amended Complaint.

47. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 47 of the Amended Complaint. In addition, the document speaks for itself.

48. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 48 of the Amended Complaint. In addition, the document speaks for itself.

49. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 49 of the Amended Complaint.

50. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 50 of the Amended Complaint.

51. Defendant, ROSE WASHINGTON SANDERS, denies each and every allegation contained within paragraph 51 of the Amended Complaint.

52. Defendant, ROSE WASHINGTON SANDERS, denies the allegations in paragraph 41 and further states this position is against public policy of the State of Illinois.

WHEREFORE Defendant ROSE WASHINGTON SANDERS prays that Plaintiff's prayer for relief be denied as it is against public policy of the State of Illinois.

## COUNT II

53. Defendant, ROSE WASHINGTON SANDERS, adopts and restates her answers to paragraphs 1-52 of Count I of the Amended Complaint as her answers to paragraphs 1-52 of Count II of the Amended Complaint.

54. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 54 of the Amended Complaint. In addition, the document speaks for itself.

55. Defendant, ROSE WASHINGTON SANDERS, is without personal knowledge as to the allegations contained in paragraph 55 of the Amended Complaint. In addition, the document speaks for itself.

56. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained within paragraph 56 of the Amended Complaint.

57. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained within paragraph 57 of the Amended Complaint.

58. Defendant, ROSE WASHINGTON SANDERS, admits each and every allegation contained within paragraph 58 of the Amended Complaint.

59. Defendant, ROSE WASHINGTON SANDERS, denies the allegations in paragraph 41 and further states this position is against public policy of the State of Illinois.

WHEREFORE Defendant ROSE WASHINGTON SANDERS prays that Plaintiff's prayer for relief be denied as it is against public policy of the State of Illinois.

Respectfully submitted,

/s/ LARRY R. ROGERS

Larry R. Rogers, Sr. (#6186149)
Carolyn Daley Scott
POWER ROGERS & SMITH, P.C.
70 W. Madison, 55th Floor
Chicago, IL 60602
312-236-9381 - phone
312-236-0920 - fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | No. 11 CV 02055 |
| ) | |
| v. ) | |
| ) | |
| BLUE CAB COMPANY, INC., and ROSE ) | |
| WASHINGTON SANDERS, ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2011 I electronically filed ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT with the Clerk of the Court using the CM/ECF system which will send notification to such filing(s) to the following:

Hope G. Nightingale
Litchfield Cavo, LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
312-781-6614
nightingale@litchfieldcavo.com

Respectfully submitted,
/s/ LARRY R. ROGERS

Larry R. Rogers, Sr. (#6186149)
Carolyn Daley Scott
POWER ROGERS & SMITH, P.C.
70 W. Madison, 55th Floor
Chicago, IL 60602
312-236-9381 - phone
312-236-0920 - fax