## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| ROSE M. WASHINGTON-SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 L 013584 |
| v. ) | |
| ) | |
| THOMAS MCFADDEN, Individually and as ) | |
| an agent and/or employee of BLUE CAB CO., ) | Jury Demanded |
| INC., and BLUE CAB CO., INC., ) | |
| an Illinois Corporation, ) | |
| ) | |
| Defendants. ) | |

### SECOND AMENDED COMPLAINT AT LAW

### COUNT I - McFadden - Negligence

NOW COMES Plaintiff, ROSE M. WASHINGTON-SANDERS, by and through her attorneys, POWER ROGERS & SMITH, P.C., and hereby complaining of Defendant, THOMAS MCFADDEN, Individually and as an agent and/or employee of BLUE CAB CO., INC., pleading hypothetically and in the alternative, states as follows:

1. On or about September 23, 2007, and at all times material, Roosevelt was a road running generally in a eastern and western direction within the Village of Oak Park, County of Cook, State of Illinois.

2. On or about September 23, 2007, and at all times material, Wesley was an avenue running generally in a northerly and southerly direction within the Village of Oak Park, County of Cook, State of Illinois.

3. On or about September 23, 2007, and at all times material, Defendant, THOMAS MCFADDEN, (hereinafter referred to as "MCFADDEN"), was operating a taxi-cab west-bound on Roosevelt Road in the Village of Oak Park, County of Cook, State of



EXHIBIT 7

Illinois.

4. On or about September 23, 2007, and at all times material, Defendants, MCFADDEN and BLUE CAB CO., INC., owned the aforementioned tax-cab with a vehicle identification number of 2FAFP71W6YX166916 and an Illinois license plate number of 21552TX.

5. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB CO., INC., (hereinafter referred to as "BLUE CAB"), was an Illinois corporation.

6. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was an agent and/or employee of Defendant, BLUE CAB.

7. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was acting within the course and scope of his agency and/or employment with Defendant, BLUE CAB.

8. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB, maintained and controlled the aforementioned taxi-cab.

9. Prior to September 23, 2001, and at all times material, Defendant, BLUE CAB, entered into an owner-operator agreement with Defendant MCFADDEN.

10. On and prior to September 23, 2001, and at all times material, all owners/drivers/operators of Blue Cab Company taxis had to sign the aforementioned owner-operator agreement.

11. On and prior to September 23, 2001, and at all times material, the aforementioned owner-operator agreement contained a provision for approval of drivers wherein Defendant BLUE CAB approved the drivers of the vehicle.

2

12. On and prior to September 23, 2001, and at all times material, only drivers approved by Defendant BLUE CAB under the owner-operator agreement could operate a Blue Cab Company taxi.

13. On and prior to September 23, 2001, and at all times material, Defendant BLUE CAB controlled who operated Blue Cab taxis under the owner-operator agreement.

14. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of syncope.

15. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of diabetes.

16. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of episodes of unconsciousness.

17. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of uncontrolled diabetes.

18. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of alcohol abuse.

19. On or about September 23, 2007, and at all times material, Plaintiff, ROSE M. WASHINGTON-SANDERS, was a resident of the Village of Oak Park, County of Cook, State of Illinois.

20. On or about September 23, 2007, and at all times material, Plaintiff, ROSE M. WASHINGTON-SANDERS, was a passenger in the rear-seats of the aforementioned taxi-cab being operated by Defendant, MCFADDEN.

21. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN and Defendant, BLUE CAB, had a duty as a common carrier to its

3

passengers, including Plaintiff, ROSE M. WASHINGTON-SANDERS.

22. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was operating the aforementioned taxi-cab in a west-bound direction on Roosevelt Road within the Village of Oak Park, County of Cook, State of Illinois.

23. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, lost control of the aforementioned taxi-cab and struck a light pole on the north-side of Roosevelt Road just west of Wesley Avenue.

24. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, Individually and as an agent and/or employee of Defendant, BLUE CAB, and Defendant, BLUE CAB, had the duty to exercise reasonable care and caution in the operation of the aforementioned taxi-cab to ensure the safety of the persons and passengers, including the Plaintiff, ROSE M. WASHINGTON-SANDERS.

25. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, Individually and as an agent and/or employee of Defendant, BLUE CAB, and Defendant, BLUE CAB, were then and there negligent in one or more of the following respects:

    a. Operating said motor vehicle in such a manner as to endanger the safety of ROSE M. WASHINGTON-SANDERS, contrary to and in violation of 625 ILCS 5/11-601; or

    b. Operating said motor vehicle at a speed which was great than was reasonable and proper with regards to traffic conditions and the use of the roadway, contrary to and in violation of 625 ILCS 5/11-601; or

    c. Failing to keep a proper lookout; or

    d. Operating said motor vehicle with a prior history of syncope; or

    e. Operating said motor vehicle with a prior history of diabetes; or

4

    f.    Operating said motor vehicle with a prior history of episodes of unconsciousness; or

    g.    Operating said motor vehicle with a prior history of uncontrolled diabetes; or

    h.    Operating said motor vehicle with a prior history of alcohol abuse; or

    i.    Was otherwise negligent.

26.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, MCFADDEN, Individually and as an agent and/or employee of Defendant, BLUE CAB, Plaintiff, ROSE M. WASHINGTON-SANDERS has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; and has been permanently and significantly disabled and disfigured.

WHEREFORE, Plaintiff, ROSE M. WASHINGTON-SANDERS, by and through her attorneys, POWER ROGERS & SMITH, P.C., demands judgment against Defendant, THOMAS MCFADDEN, Individually and as an agent and/or employee of Defendant, BLUE CAB, CO., INC., in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT II - BLUE CAB - NEGLIGENCE

NOW COMES Plaintiff, ROSE M. WASHINGTON-SANDERS, by and through her attorneys, POWER ROGERS & SMITH, P.C., and hereby complaining of Defendant, BLUE CAB CO., INC., pleading hypothetically and in the alternative, states as follows:

1. On or about September 23, 2007, and at all times material, Roosevelt was a road running generally in a eastern and western direction within the Village of Oak Park, County of Cook, State of Illinois.

2. On or about September 23, 2007, and at all times material, Wesley was an avenue running generally in a northerly and southerly direction within the Village of Oak Park, County of Cook, State of Illinois.

3. On or about September 23, 2007, and at all times material, Defendant, THOMAS MCFADDEN, (hereinafter referred to as "MCFADDEN"), was operating a taxi-cab west-bound on Roosevelt Road in the Village of Oak Park, County of Cook, State of Illinois.

4. On or about September 23, 2007, and at all times material, Defendants, MCFADDEN and BLUE CAB CO., INC., owned the aforementioned tax-cab with a vehicle identification number of 2FAFP71W6YX166916 and an Illinois license plate number of 21552TX.

5. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB CO., INC., (hereinafter referred to as "BLUE CAB"), was an Illinois corporation.

6. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was an agent and/or employee of Defendant, BLUE CAB.

7. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was acting within the course and scope of his agency and/or employment with Defendant, BLUE CAB.

8. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB, maintained and controlled the aforementioned taxi-cab.

9. Prior to September 23, 2001, and at all times material, Defendant, BLUE CAB, entered into an owner-operator agreement with Defendant MCFADDEN.

10. On and prior to September 23, 2001, and at all times material, all owners/drivers/operators of Blue Cab Company taxis had to sign the aforementioned owner-operator agreement.

11. On and prior to September 23, 2001, and at all times material, the aforementioned owner-operator agreement contained a provision for approval of drivers wherein Defendant BLUE CAB approved the drivers of the vehicle.

12. On and prior to September 23, 2001, and at all times material, only drivers approved by Defendant BLUE CAB under the owner-operator agreement could operate a Blue Cab Company taxi.

13. On and prior to September 23, 2001, and at all times material, Defendant BLUE CAB controlled who operated Blue Cab taxis under the owner-operator agreement.

14. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of syncope.

15. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of diabetes.

16. Prior to and on September 23, 2007, and at all times material, Defendant,

MCFADDEN had a history of episodes of unconsciousness.

17. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of uncontrolled diabetes.

18. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of alcohol abuse.

19. On or about September 23, 2007, and at all times material, Plaintiff, ROSE M. WASHINGTON-SANDERS, was a resident of the Village of Oak Park, County of Cook, State of Illinois.

20. On or about September 23, 2007, and at all times material, Plaintiff, ROSE M. WASHINGTON-SANDERS, was a passenger in the rear-seats of the aforementioned taxi-cab being operated by Defendant, MCFADDEN.

21. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN and Defendant, BLUE CAB, had a duty as a common carrier to its passengers, including Plaintiff, ROSE M. WASHINGTON-SANDERS.

22. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was operating the aforementioned taxi-cab in a west-bound direction on Roosevelt Road within the Village of Oak Park, County of Cook, State of Illinois.

23. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, lost control of the aforementioned taxi-cab and struck a light pole on the north-side of Roosevelt Road just west of Wesley Avenue.

24. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, Individually and as an agent and/or employee of Defendant, BLUE CAB, and Defendant, BLUE CAB, had the duty to exercise reasonable care and caution in the operation of the aforementioned taxi-cab to ensure the safety of the persons and

8

passengers, including the Plaintiff, ROSE M. WASHINGTON-SANDERS.

25. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB, was then and there negligent in one or more of the following respects:

    a. approving McFadden as a driver under the owner-operator agreement despite his medical history; or

    b. failing to require McFadden to produce copies of his medical records prior to approving him as a driver under the owner-operator agreement; or

    c. failing to request copies of McFadden's medical records prior to approving him as a driver under the owner-operator agreement; or

    d. failing to ask McFadden what his medical history was prior to approving him as a driver under the owner-operator agreement; or

    e. failing to obtain information, including medical records, concerning McFadden's prior history of syncope prior to approving him as a driver under the owner-operator agreement; or

    f. failing to obtain information, including medical records, concerning McFadden's prior history of diabetes prior to approving him as a driver under the owner-operator agreement; or

    g. failing to obtain information, including medical records, concerning McFadden's prior history of unconscious episodes prior to approving him as a driver under the owner-operator agreement; or

    h. failing to obtain information, including medical records, concerning McFadden's prior history of alcohol abuse prior to approving him as a driver under the owner-operator agreement; or

    i. failing to require McFadden to obtain annual medical physicals; or

    j. failing to require McFadden to obtain medical approval prior to approving him as a driver under the owner-operator agreement; or

    k. was otherwise negligent.

26. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, BLUE CAB, Plaintiff, ROSE M. WASHINGTON-SANDERS has

sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; and has been permanently and significantly disabled and disfigured.

WHEREFORE, Plaintiff, ROSE M. WASHINGTON-SANDERS, by and through her attorneys, POWER ROGERS & SMITH, P.C., demands judgment against Defendant, BLUE CAB CO., INC., an Illinois corporation, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT III - BLUE CAB - VICARIOUS LIABILITY

NOW COMES Plaintiff, ROSE M. WASHINGTON-SANDERS, by and through her attorneys, POWER ROGERS & SMITH, P.C., and hereby complaining of Defendant, BLUE CAB CO., INC., by and through its agent and/or employee THOMAS MCFADDEN, pleading hypothetically and in the alternative, states as follows:

1. On or about September 23, 2007, and at all times material, Roosevelt was a road running generally in a eastern and western direction within the Village of Oak Park, County of Cook, State of Illinois.

2. On or about September 23, 2007, and at all times material, Wesley was an avenue running generally in a northerly and southerly direction within the Village of Oak Park, County of Cook, State of Illinois.

3. On or about September 23, 2007, and at all times material, Defendant, THOMAS MCFADDEN, (hereinafter referred to as "MCFADDEN"), was operating a taxi-cab west-bound on Roosevelt Road in the Village of Oak Park, County of Cook, State of Illinois.

4. On or about September 23, 2007, and at all times material, Defendants, MCFADDEN and BLUE CAB CO., INC., owned the aforementioned tax-cab with a vehicle identification number of 2FAFP71W6YX166916 and an Illinois license plate number of 21552TX.

5. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB CO., INC., (hereinafter referred to as "BLUE CAB"), was an Illinois corporation.

6. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was an agent and/or employee of Defendant, BLUE CAB.

11

7. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was acting within the course and scope of his agency and/or employment with Defendant, BLUE CAB.

8. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB, maintained and controlled the aforementioned taxi-cab.

9. Prior to September 23, 2001, and at all times material, Defendant, BLUE CAB, entered into an owner-operator agreement with Defendant MCFADDEN.

10. On and prior to September 23, 2001, and at all times material, all owners/drivers/operators of Blue Cab Company taxis had to sign the aforementioned owner-operator agreement.

11. On and prior to September 23, 2001, and at all times material, the aforementioned owner-operator agreement contained a provision for approval of drivers wherein Defendant BLUE CAB approved the drivers of the vehicle.

12. On and prior to September 23, 2001, and at all times material, only drivers approved by Defendant BLUE CAB under the owner-operator agreement could operate a Blue Cab Company taxi.

13. On and prior to September 23, 2001, and at all times material, Defendant BLUE CAB controlled who operated Blue Cab taxis under the owner-operator agreement.

14. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of syncope.

15. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of diabetes.

16. Prior to and on September 23, 2007, and at all times material, Defendant,

MCFADDEN had a history of episodes of unconsciousness.

17. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of uncontrolled diabetes.

18. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of alcohol abuse.

19. On or about September 23, 2007, and at all times material, Plaintiff, ROSE M. WASHINGTON-SANDERS, was a resident of the Village of Oak Park, County of Cook, State of Illinois.

20. On or about September 23, 2007, and at all times material, Plaintiff, ROSE M. WASHINGTON-SANDERS, was a passenger in the rear-seats of the aforementioned taxi-cab being operated by Defendant, MCFADDEN.

21. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN and Defendant, BLUE CAB, had a duty as a common carrier to its passengers, including Plaintiff, ROSE M. WASHINGTON-SANDERS.

22. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was operating the aforementioned taxi-cab in a west-bound direction on Roosevelt Road within the Village of Oak Park, County of Cook, State of Illinois.

23. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, lost control of the aforementioned taxi-cab and struck a light pole on the north-side of Roosevelt Road just west of Wesley Avenue.

24. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, Individually and as an agent and/or employee of Defendant, BLUE CAB, and Defendant, BLUE CAB, had the duty to exercise reasonable care and caution in the operation of the aforementioned taxi-cab to ensure the safety of the persons and passengers, including the Plaintiff, ROSE M. WASHINGTON-SANDERS.

25. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB, by and through its agent and/or employee Defendant THOMAS MCFADDEN was then and there negligent in one or more of the following respects:

  a. Operating said motor vehicle in such a manner as to endanger the safety of ROSE M. WASHINGTON-SANDERS, contrary to and in violation of 625 ILCS 5/11-601; or

  b. Operating said motor vehicle at a speed which was great than was reasonable and proper with regards to traffic conditions and the use of the roadway, contrary to and in violation of 625 ILCS 5/11-601; or

  c. Failing to keep a proper lookout; or

  d. Operating said motor vehicle with a prior history of syncope; or

  e. Operating said motor vehicle with a prior history of diabetes; or

  f. Operating said motor vehicle with a prior history of episodes of unconsciousness; or

  g. Operating said motor vehicle with a prior history of uncontrolled diabetes; or

  h. Operating said motor vehicle with a prior history of alcohol abuse; or

  i. Was otherwise negligent.

26. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, BLUE CAB, by and through its agent and/or employee Defendant THOMAS MCFADDEN, Plaintiff, ROSE M. WASHINGTON-SANDERS has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; and has been permanently and significantly disabled and disfigured.

WHEREFORE, Plaintiff, ROSE M. WASHINGTON-SANDERS, by and through

her attorneys, POWER ROGERS & SMITH, P.C., demands judgment against Defendant, BLUE CAB, CO., INC., in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT IV - BLUE CAB - NEGLIGENT DISPATCHING

NOW COMES Plaintiff, ROSE M. WASHINGTON-SANDERS, by and through her attorneys, POWER ROGERS & SMITH, P.C., and hereby complaining of Defendant, BLUE CAB CO., INC., pleading hypothetically and in the alternative, states as follows:

1. On or about September 23, 2007, and at all times material, Roosevelt was a road running generally in a eastern and western direction within the Village of Oak Park, County of Cook, State of Illinois.

2. On or about September 23, 2007, and at all times material, Wesley was an avenue running generally in a northerly and southerly direction within the Village of Oak Park, County of Cook, State of Illinois.

3. On or about September 23, 2007, and at all times material, Defendant, THOMAS MCFADDEN, (hereinafter referred to as "MCFADDEN"), was operating a taxi-cab west-bound on Roosevelt Road in the Village of Oak Park, County of Cook, State of Illinois.

4. On or about September 23, 2007, and at all times material, Defendants, MCFADDEN and BLUE CAB CO., INC., owned the aforementioned tax-cab with a vehicle identification number of 2FAFP71W6YX166916 and an Illinois license plate number of 21552TX.

5. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB CO., INC., (hereinafter referred to as "BLUE CAB"), was an Illinois corporation.

6. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was an agent and/or employee of Defendant, BLUE CAB.

7. On or about September 23, 2007, and at all times material, Defendant,

MCFADDEN, was acting within the course and scope of his agency and/or employment with Defendant, BLUE CAB.

8. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB, maintained and controlled the aforementioned taxi-cab.

9. Prior to September 23, 2001, and at all times material, Defendant, BLUE CAB, entered into an owner-operator agreement with Defendant MCFADDEN.

10. On and prior to September 23, 2001, and at all times material, all owners/drivers/operators of Blue Cab Company taxis had to sign the aforementioned owner-operator agreement.

11. On and prior to September 23, 2001, and at all times material, the aforementioned owner-operator agreement contained a provision for approval of drivers wherein Defendant BLUE CAB approved the drivers of the vehicle.

12. On and prior to September 23, 2001, and at all times material, only drivers approved by Defendant BLUE CAB under the owner-operator agreement could operate a Blue Cab Company taxi.

13. On and prior to September 23, 2001, and at all times material, Defendant BLUE CAB controlled who operated Blue Cab taxis under the owner-operator agreement.

14. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of syncope.

15. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of diabetes.

16. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of episodes of unconsciousness.

17. Prior to and on September 23, 2007, and at all times material, Defendant,

MCFADDEN had a history of uncontrolled diabetes.

18. Prior to and on September 23, 2007, and at all times material, Defendant, MCFADDEN had a history of alcohol abuse.

19. On or about September 23, 2007, and at all times material, Plaintiff, ROSE M. WASHINGTON-SANDERS, was a resident of the Village of Oak Park, County of Cook, State of Illinois.

20. On or about September 23, 2007, and at all times material, Plaintiff, ROSE M. WASHINGTON-SANDERS, was a passenger in the rear-seats of the aforementioned taxi-cab being operated by Defendant, MCFADDEN.

21. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN and Defendant, BLUE CAB, had a duty as a common carrier to its passengers, including Plaintiff, ROSE M. WASHINGTON-SANDERS.

22. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, was operating the aforementioned taxi-cab in a west-bound direction on Roosevelt Road within the Village of Oak Park, County of Cook, State of Illinois.

23. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, lost control of the aforementioned taxi-cab and struck a light pole on the north-side of Roosevelt Road just west of Wesley Avenue.

24. On or about September 23, 2007, and at all times material, Defendant, MCFADDEN, Individually and as an agent and/or employee of Defendant, BLUE CAB, and Defendant, BLUE CAB, had the duty to exercise reasonable care and caution in the operation of the aforementioned taxi-cab to ensure the safety of the persons and passengers, including the Plaintiff, ROSE M. WASHINGTON-SANDERS.

25. On or about September 23, 2007, and at all times material, Defendant, BLUE CAB, was then and there negligent in one or more of the following respects:

18

    a.    dispatching McFadden pursuant to the owner-operator agreement despite his medical history; or

    b.    dispatching McFadden without requiring him to produce copies of his medical records; or

    c.    dispatching McFadden without requesting copies of McFadden's medical records; or

    d.    dispatching McFadden without asking McFadden what his medical history was; or

    e.    dispatching McFadden without obtaining information, including medical records, concerning McFadden's prior history of syncope; or

    f.    dispatching McFadden without obtaining information, including medical records, concerning McFadden's prior history of diabetes; or

    g.    dispatching McFadden without obtaining information, including medical records, concerning McFadden's prior history of unconscious episodes; or

    h.    dispatching McFadden without obtaining information, including medical records, concerning McFadden's prior history of alcohol abuse; or

    i.    dispatching McFadden without requiring McFadden to obtain annual medical physicals; or

    j.    was otherwise negligent.

26.    As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, BLUE CAB, Plaintiff, ROSE M. WASHINGTON-SANDERS has sustained severe and permanent injuries; has endured and will in the future endure pain and suffering; has incurred and will permanently in the future incur obligations for substantial sums of money for medical expenses; and has been permanently and significantly disabled and disfigured.

WHEREFORE, Plaintiff, ROSE M. WASHINGTON-SANDERS, by and through her attorneys, POWER ROGERS & SMITH, P.C., demands judgment against

Defendant, BLUE CAB CO., INC., an Illinois corporation, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

                                                         POWER ROGERS & SMITH, P.C.

                                                         By: /s/ Carolyn Daley Scott
                                                              One of their Attorneys

Larry R. Rogers
Carolyn Daley Scott
POWER ROGERS & SMITH, P.C.
Three First National Plaza
70 West Madison, 55th Floor
Chicago, Illinois 60602
312-236-9381 - phone
312-236-0920 - fax